UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE SATANIC TEMPLE, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF BOSTON, and MAYOR MICHELLE WU, in her official capacity,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 1:25-CV-11024-AK |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

The City of Boston (the "City") and Mayor Michelle Wu, in her official capacity (together with the City, "Defendants"), move to dismiss the Complaint of the plaintiff, the Satanic Temple, Inc. ("TST," or "Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6). The grounds for the motion, which are incorporated by reference herein in their entirety, are set forth in the accompanying memorandum of law. Briefly stated, however, Defendants are entitled to dismissal of the complaint for the following reasons:

*First*, TST's free speech and hybrid free speech/free exercise claims (**Counts I** and **III**) fail because the flagpole is no longer a public forum. In the wake of the Supreme Court's decision in *Shurtleff v. City of Boston*, 596 U.S. 243 (2022), the City adopted an ordinance and implemented a new flag-flying policy that complied with the framework laid out in the decision and preserved flag-flying as government speech. The City accepts no applications from the public and flags are flown only by mayoral proclamation or City Council resolution. The City follows *Shurtleff*.

*Second*, TST's claim based on the City's decision to shut down the prior flag-flying program – which was ultimately determined to be a public forum – prior to TST's attempt to apply

to fly their flag (**Count II**) did not abridge free speech. Under the pre-*Shurtleff* flag-flying policy, there was only one flag the City did not want to fly, and the City was ultimately required to fly it under a District Court consent order and judgment as a remedy in *Shurtleff*. The Supreme Court in *Shurtleff* expressly stated, "nothing prevents Boston from changing its policies going forward." 596 U.S. at 258. So, it did.

*Third*, TST's Establishment Clause claim (**Count IV**) fails because the City did not fly the Christian flag as an official preference of one denomination over another or even as an expression of government speech. It flew it because it had to as a court-ordered remedy under the old flag-raising policy. In essence, the City was required to reopen the public forum for the limited purpose of allowing the Christian flag to be flown for two hours. It did so before the new policy that preserved flag-flying as government speech went into effect.

*Fourth*, the state Public Records Law claim (**Count V**) should be dismissed because due to the way that the requests were worded, the City had no responsive documents in its possession, custody or control. The denied requests sought applications, as well as resolutions and proclamations in response to those applications. The City did not accept applications once it shut down the old flag-flying scheme. It does not accept or deny applications to fly flags under the new flag-flying program. There are, however, resolutions and proclamations of the City Council and the Mayor authorizing flag-flying as government speech.

*Fifth*, the claims against Mayor Wu in her official capacity are nothing more than claims against the City itself, and thus are redundant and should be dismissed.

**WHEREFORE**, the City and Mayor Wu (in her official capacity) respectfully request that this Honorable Court grant their motion, dismiss TST's Complaint in its entirety, and grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: May 19, 2025 | Respectfully submitted,<br>**THE CITY OF BOSTON and MAYOR MICHELLE WU, in her official capacity,**<br><br>By their attorney:<br><br>ADAM CEDERBAUM<br>Corporation Counsel<br><br>/s/ Edward F. Whitesell, Jr.<br>Edward F. Whitesell, Jr. (BBO#644331)<br>Senior Assistant Corporation Counsel<br>City of Boston Law Department<br>Room 615, City Hall<br>Boston, MA 02201<br>(617) 635-4045 (EFW)<br>edward.whitesell@boston.gov |

**Certificate of Compliance with Local Rule 7.1(a)(2)**

I, Edward F. Whitesell, Jr., hereby certify that, in accordance with Local Rule 7.1(a)(2), counsel for the parties conferred by videoconference on May 19, 2025 at 11:00 a.m. and attempted in good faith to resolve or narrow the issues raised by this motion but were unable to do so.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.

**Certificate of Service**

I, Edward F. Whitesell, Jr., hereby certify that on May 19, 2025, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.