UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE SATANIC TEMPLE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BOSTON,<br><br>    Defendants. | CIVIL ACTION NO. 1:25-CV-11024-AK |

**THE CITY OF BOSTON'S ANSWER TO PLAINTIFF'S
COMPLAINT AND JURY DEMAND**

The City of Boston (the "City") answers the Complaint of plaintiff The Satanic Temple, Inc. ("TST," or "Plaintiff") as follows:

**ANSWER**

The unnumbered paragraphs at the beginning of TST's Complaint are introductory in nature and therefore no response from the City is required. To the extent that a response is required, the City admits that the U.S. Supreme Court issued the decision in *Shurtleff* in May 2022 and otherwise denies the allegations contained in these paragraphs.

**JURISDICTION AND VENUE**

1. This paragraph contains legal conclusions to which no response is required. The City does not dispute the existence of subject matter or supplemental jurisdiction at this time.

2. This paragraph contains a legal conclusion to which no response is required. The City does not dispute the existence of subject matter jurisdiction at this time, so the issue of personal jurisdiction is moot.

3. This paragraph contains a legal conclusion to which no response is required. The City does not dispute that this Court is a proper venue for this litigation at this time.

## PARTIES

4. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph. The City states that the cited publicly-available materials and the TST website speak for themselves.

5. Admitted.

6. Mayor Wu is no longer a party to the lawsuit. The City admits that Mayor Wu is the City's mayor and otherwise denies the allegations contained in this paragraph.

## FACTS COMMON TO ALL CLAIMS

7. Denied.

8. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, the City states that the *Shurtleff* decision speaks for itself.

9. The City denies the first sentence of this paragraph. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in the second sentence of this paragraph.

10. The City denies that the picture contained in this paragraph is an application to fly a flag on the City flagpole. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in this paragraph.

11. The City admits that that it informed TST that all flag raisings were on hold and that the City would not fly TST's flag. The City denies the remaining allegations contained in this paragraph.

12. The City admits that it entered into a consent decree in the Shurtleff litigation on July 22, 2022. The City further states that the consent decree speaks for itself and refers to same for a complete and accurate recitation of its contents.

13. The City admits that it settled the claim for attorney's fees under 42 U.S.C. § 1988 in the *Shurtleff* litigation for approximately $2.1 million.

14. The City admits that in order to comply with the decision in *Shurtleff*, it passed a City ordinance requiring the display of certain types of flags on the City flagpole to be an expression of the City's official sentiments by mayoral proclamation or City Council resolution. The City denies the remaining allegations contained in this paragraph. The City further states that the consent decree speaks for itself and refers to same for a complete and accurate recitation of its contents.

15. The City admits that Mayor Wu issued a press release in connection with the filing (not passage) of an ordinance revising the City's flag-raising policy on the City flagpole. The City states that the press release speaks for itself and refers to same for a complete and accurate recitation of its contents.

16. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

21. Denied.

22. Admitted.

23. Admitted.

24. Denied.

25. Denied.

26. The City admits that TST through its counsel made a public records request related to mayoral proclamations and City Council resolutions to fly flags based on granted applications. The City is without knowledge or information sufficient to enable it to admit or deny the allegations regarding TST's motivation in submitting the public records request. The City further states that the request speaks for itself and refers to same for a complete and accurate recitation of its contents.

27. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, the City admits that the public records statute contains an initial 10-day response period.

28. The City admits that it acknowledged the request through the assistant corporation counsel assigned to public records on February 23, 2024 and invoked an additional 15 days provided by the statute. The remainder of this paragraph contains a legal conclusion to which no response is required.

29. Admitted.

30. Admitted.

31. Denied.

32. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

33. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

34. Admitted. The City states that the email in Exhibit 7 of the Complaint speaks for itself and refers to same for a complete and accurate recitation of its contents.

35. Denied. The City refers to the public records request for a complete and accurate recitation of its contents.

36. The City admits that non-Boston flags have repeatedly been flown on the City flagpole since May 1, 2022 and that it provided no conveyance documents in response to the public records request. The City denies the remaining allegations contained in this paragraph. The City refers to the public records request for a complete and accurate recitation of its contents.

37. The City admits that it did not produce the resolutions and proclamations in response to TST's public records request. The City denies the remaining allegations contained in this paragraph.

38. The City admits that it provided a copy of the ordinance. The City refers to the public records request and the response for a complete and accurate recitation of their contents.

39. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, the City admits that it provided the ordinance and denies the remaining allegations contained in this paragraph.

40. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

## COUNT I:
### Free Speech Violation - Not Flying TST's Flag

41. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-40 as if set forth fully herein.

42. The City admits that the *Shurtleff* decision determined that the City's flagpole was a public forum under the old scheme, a forum which was shut down immediately following the

5

decision in order to develop a new policy compliant with *Shurtleff* that would allow the City to continue to use the flagpole as government speech.  The City denies the remaining allegations contained in this paragraph.

43. Denied.

44. Admitted.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

### COUNT II:
**Free Speech Violation – Shutting Down the Flagpole as a Public Forum**

49. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-48 as if set forth fully herein.

50. The first sentence of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, the City denies that the case cited is applicable to the facts of this case.  The City denies the remaining allegations contained in this paragraph.

51. Denied.

### COUNT III:
**Free Speech/Free Exercise religious discrimination – Flying the Christian flag Pursuant to a Consent Decree Under the Old Policy but not Flying the TST Flag Under the New Policy**

52. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-51 as if set forth fully herein.

53. Denied.

54. Denied.

55. Denied.

## COUNT IV:
### Establishment Clause Violation – Not Flying TST's Flag

56. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-55 as if set forth fully herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## COUNT V:
### Violation of Public Records Law

62. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-61 as if set forth fully herein.

63. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, the City admits that the public records law contains a private right of action to compel production once certain prerequisites have been met.

64. Denied.

65. Denied.

### AFFIRMATIVE DEFENSES

Further answering, the City asserts the following affirmative defenses:

### First Affirmative Defense

TST's complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The City's employees at all times acted in good faith and upon reasonable belief that their actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### Third Affirmative Defense

TST's Complaint fails to state a federal civil rights claim against the City under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### Fourth Affirmative Defense

TST's Complaint fails because the City did not maintain a well-settled municipal practice whose implementation was deliberately indifferent to the constitutional rights of Plaintiff.

### Fifth Affirmative Defense

TST's Complaint fails because the City did not maintain an unconstitutional policy or custom.

### Sixth Affirmative Defense

TST's Complaint fails because no decision or action by an official vested with policy-making authority was deliberately indifferent to the constitutional rights of TST.

### Seventh Affirmative Defense

The City is a municipal corporation and its liability, if any, is limited by statute.

### Eighth Affirmative Defense

TST's claims are barred in whole or in part by the doctrine of sovereign immunity.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation.

### Tenth Affirmative Defense

Plaintiff claims are barred by the doctrine of estoppel.

### Eleventh Affirmative Defense

The City reserves the right to amend its answer and assert such other and further defenses as may become available or apparent during pretrial proceedings in this litigation and to rely on affirmative defenses asserted by other parties to this litigation.

### JURY DEMAND

### THE CITY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

| | |
|---|---|
| Dated:  February 17, 2026 | Respectfully submitted,<br>**THE CITY OF BOSTON**<br><br>By their attorney:<br><br>MICHAEL FIRESTONE<br>Corporation Counsel<br><br><br>/s/ Edward F. Whitesell, Jr.<br>Edward F. Whitesell, Jr. (BBO#644331)<br>Senior Assistant Corporation Counsel<br>Katherine Aubuchon-Jones (BBO#705490)<br>Senior Assistant Corporation Counsel<br>City of Boston Law Department<br>Room 615, City Hall<br>Boston, MA 02201<br>(617) 635-4045 (EFW)<br>(617) 635-2902 (KA-J)<br>edward.whitesell@boston.gov<br>katherine.aubuchonjones@boston.gov |

### Certificate of Service

I, Edward F. Whitesell, Jr., hereby certify that on February 17, 2026, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.