**Matt Kezhaya**
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402

**matt@kezhaya.law**
Direct: (612) 276-2216
General: (479) 431-6112

September 30, 2026

City of Boston

c/o Mr. Edward F. Whitesell, Jr. and Ms. Katherine Aubuchon-Jones

By email only to: edward.whitesell@boston.gov; katherine.aubuchon-jones@boston.gov

Re: *The Satanic Temple, Inc. v. City of Boston* (1:25-cv-11024-AK) – discovery deficiency letter for requests for production of documents

Mr. Whitesell,

I write in a good faith effort to confer on deficiencies in the City's responses to Plaintiff's first set of requests for production, served August 17, 2026. Please correct the below deficiencies by October 12, 2026 or I will be forced to move to compel and will seek attorneys fees. FRCP 37.

The obligation to confer requires the parties to meet to narrow the areas of disagreement to the greatest extent possible. Local Rule 37.1. Please let me know if you're available to meet telephonically during the following times, or propose another time:

- October 8, 2026 at 1pm CST or later;
- October 9, 2026 at 11am CST or later;
- October 12, 2026 at 11am CST or later.

## I. All responses – no privilege log.

The City repeatedly purported to assert attorney-client or work-product privilege. The proponent of a privilege has the factual burden to show that the privilege applies at the time of the assertion. See Fed. R. Civ. P.26(b)(5). This is commonly done by privilege logs.

The City asserted attorney-client privilege or work product doctrine in its responses to Requests for Production of Documents 2, 3, 7, 8, 16, 17, 18, 19, 20, and 21. No privilege log accompanied the responses.

"A party that fails to submit a privilege log is deemed to waive the underlying privilege claim." *Bryan Corp. v. Chemwerth, Inc.*, 296 F.R.D. 31, 41 (D. Mass. 2013). To the extent the City ever had a claim to attorney-client or work product privilege as to the requested information, that claim has been waived. *Id.*

By October 8, 2026, provide a privilege log complying with FRCP 26(b)(5)(A) and Local Rule 34.1(e), and with Instruction 9 of the requests, or withdraw the assertions. Otherwise, I will treat the privilege as waived.

## II. RFPs 3, 6, 7, 8, 10 through 21– no statement of responsive documents.

The City identified a Bates range for only five of the twenty-one requests. For Requests 3, 6, 7, 8, 10 through 21, the City stated that it "will produce all responsive and non-privileged documents, if any," without identifying a single document. FRCP 34(b)(2)(B) requires the response to state whether responsive materials are being withheld on the basis of an objection, and FRCP 34(b)(2)(E)(i) requires documents to be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in the request. Please supplement each of those responses to state whether responsive documents exist, whether any are being withheld, and the Bates range corresponding to each request.

## III. All responses – generalized and boilerplate objections.

The City's objections to time and scope are improper. There is no specification of an assertedly-proper time or scope, nor is there a specification of how the time or scope set forth in the request is improper. This was a generalized objection, which is "inadequate and tantamount to not making any objection at all." *HealthEdge Software, Inc. v. Sharp Health Plan*, No. 19-CV-11020-ADB, 2021 WL 1821358, at *4 (D. Mass. May 6, 2021). Further, "an objection to part of a

request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). As the City has provided an index of flag-raisings, and the City's defense is that all such flag-raisings after the ordinance took effect require a legal conveyance to the City, the City must provide all such legal conveyances post-dating the ordinance.

The City's objection that the request is "overly broad, unreasonably cumulative, and unduly burdensome" is likewise improper. There is no tailored discussion to what is allegedly overbroad, unreasonably cumulative, or unduly burdensome about providing the requested information. This was a boilerplate objection which is "inadequate and tantamount to not making any objection at all." *HealthEdge Software, Inc. v. Sharp Health Plan*, No. 19-CV-11020-ADB, 2021 WL 1821358, at *4 (D. Mass. May 6, 2021).

## IV. RFPs 1 and 2 – flag acquisition documents.

These requests sought bills of sale and other conveyance documents for every flag the City flew in place of the Boston flag, together with the date of acquisition, acquisition method, consideration paid, donor, transferee, and the person approving each acquisition. The City referred me to COB000248-COB000272. Those documents do not answer the requests. The City's own ordinance provides:

> Ownership of Other Flags. The City shall acquire ownership of all flags that it flies in place of the City of Boston flag.

COB000222 (Ordinance § 1-3A.4(d)). That obligation took effect "upon passage." Id. Boston's entire production contains two acquisition documents: an AGAS Mfg. invoice dated June 28, 2023 (COB000251-COB000272) and a Cool Air Creations invoice dated December 19, 2023 (COB000248). Nothing covers the ten months between the ordinance's passage and the AGAS invoice, although the City's own index records flag raisings for Taiwan Day, Indigenous Peoples Day, Irish-American Heritage Month, Greek Independence Day, Polish Constitution Day, and Haitian Flag Day during that period. COB000273. Montserrat, Grenada, and Bangladesh appear on neither invoice nor on the February 2023 inventory, yet the City raised each of those flags. COB000274-COB000277. The inventory at COB000249-COB000250 lists size

and condition; it is not a bill of sale or any other conveyance document, and the Cool Air invoice identifies only a "10x15 Double Sided Flag" without naming the flag purchased. Please produce a conveyance document for every non-Boston flag flown since August 11, 2022, including Montserrat, Grenada, Bangladesh, Venezuela, and Kosovo.

As to Request Number 2 specifically, the invoices supply four of the six categories sought. Nothing produced identifies a donor or the person who approved any acquisition. Both invoices reference purchase orders – BOSTN-0000751822 at COB000251 and PO760042 at COB000248 – but no purchase order, requisition, or approval record was produced. The AGAS invoice also reflects a "Balance Owed" of $39,468.00 against an invoice total of $26,264.00, COB000271, which indicates at least one further invoice on the same account that was not produced. Please produce the purchase orders, the approval and requisition records, any donation records, and the remaining invoices.

## V. RFPs 3, 18, 19, 20, and 21 – misc. communications.

Each of these requests sought communications: emails on eleven search terms between May 1 and December 31, 2022; documents and communications about the decision to suspend the flagpole program; documents about the decision to operate the flagpoles as government speech; all communications between May 1 and August 11, 2022 on ten enumerated subjects; and all communications between May 2 and May 10, 2022 concerning Shurtleff. The City produced no communications at all. There is not a single email, memorandum, text message, or chat message anywhere in the 898 pages produced. "Shurtleff" appears three times in the entire production: twice in the ordinance's recitals and once as a contact name on a Camp Constitution application. COB000221; COB000653. A municipal government does not suspend a flagpole program, litigate to the Supreme Court, and pass a replacement ordinance without generating a single written communication. Please identify each custodian whose files were searched, the search terms used, and the date ranges applied, and produce the responsive communications.

The absence of those communications is more troubling because the City's own records contradict the premise of its recital. The ordinance states that the "flying of other flags on City Hall Plaza in place of the City of Boston flag has been

suspended." COB000221. Yet the City's records show flag raisings continuing throughout the period between October 19, 2021, when the City purportedly stopped accepting applications, and August 11, 2022, when the Mayor approved the ordinance. The events calendar records the Turkish flag on October 29, 2021, the Antigua flag on November 1, 2021, the East Turkistan flag on November 12, 2021, and the Barbados flag on November 30, 2021. COB000533-COB000534. The application records show further raisings granted in that window, including Gold Star Wives on April 5, 2022, the Malcolm X Day flag on May 19, 2022, the United States Army flag on June 14, 2022, a Cape Verde raising booked to the "City Hall Flag Pole Area" on July 5, 2022, the Coast Guard flag on August 4, 2022, and the Purple Heart flag on August 7, 2022. COB000286; COB000303-COB000304. Others were denied during the same window. COB000289; COB000291; COB000294. The City's records show flags being raised and applications being granted and denied during this "suspension." The documents showing how those decisions were made are precisely what these requests sought, and none were produced.

The City's objections to time and scope are improper. There is no specification of an assertedly-proper time or scope, nor is there a specification of how the time or scope set forth in the request is improper. This was a generalized objection, which is "inadequate and tantamount to not making any objection at all." *HealthEdge Software, Inc. v. Sharp Health Plan*, No. 19-CV-11020-ADB, 2021 WL 1821358, at *4 (D. Mass. May 6, 2021). Further, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). As the City has provided an index of flag-raisings, and the City's defense is that all such flag-raisings after the ordinance took effect require a legal conveyance to the City, the City must provide all such legal conveyances post-dating the ordinance.

The City's objection that the request is "overly broad, unreasonably cumulative, and unduly burdensome" is likewise improper. There is no tailored discussion as to what is allegedly overbroad, unreasonably cumulative, or unduly burdensome about providing the requested information. This was a boilerplate objection which is "inadequate and tantamount to not making any objection at all." *HealthEdge Software, Inc. v. Sharp Health Plan*, No. 19-CV-11020-ADB, 2021 WL 1821358, at *4 (D. Mass. May 6, 2021).

The City's purported assertion of attorney-client or work-product privilege is also improper. The proponent of a privilege has the factual burden to show that

the privilege applies at the time of the assertion. See Fed. R. Civ. P.26(b)(5). This is commonly done by privilege logs. "A party that fails to submit a privilege log is deemed to waive the underlying privilege claim." *Bryan Corp. v. Chemwerth, Inc.*, 296 F.R.D. 31, 41 (D. Mass. 2013). To the extent the City ever had a claim to attorney-client or work product privilege as to the requested information, that claim has been waived. *Id.*

Because the City provided no documents in response to these requests and the City's objections were "tantamount to not making any objection at all," the City's response is deficient. Please produce the responsive communications, documents, and other pertinent materials.

## VI. RFP 4 – City Council resolutions.

This request asked for all City Council resolutions about the Flag Pole Custom from January 1, 2017 forward. The City referred me to COB000001-COB000039 and COB000273-COB000285. The earliest resolution produced is dated October 5, 2022. COB000021. Nothing from January 1, 2017 through September 2022 – the entire period covering the Shurtleff litigation and decision – was produced. The City's own document establishes that those resolutions exist: COB000282-COB000285 lists Council-sponsored flag raisings for 2017 through 2020, including the Dominican flag raising on February 24, 2017, the Irish flag raising on March 17, 2017, the Turkish flag raising on October 29, 2018, and the Barbados flag raising on November 29, 2019. Separately, COB000273-COB000285 is an index of resolutions, not the copies the request sought, and it identifies fifty-one resolutions for October 2022 through August 2026 against at most thirty-four resolution documents actually produced. Please produce copies of all responsive resolutions from 2017 forward, including the roughly seventeen identified in the City's own index but not produced.

## VII. FP 5 – Mayoral proclamations.

This request asked for all Mayoral proclamations on the same subject over the same period. Every one of the 188 proclamation pages produced bears the signature block of Mayor Michelle Wu, who took office in November 2021.

COB000040-COB000220; COB000241-COB000247. Nothing from the Walsh or Janey administrations appears, although the City's own flag-raising lists show that raisings occurred continuously from 2017 through 2021. COB000223; COB000229-COB000232. Please produce the responsive proclamations issued between January 1, 2017 and November 2021.

## VIII. RFP 6 – the August 2, 2022 press release.

This request asked for a single, publicly issued document: the City's press release titled "City of Boston Files Ordinance to Update Flag Raising Policy," dated August 2, 2022. The City raised no objection and stated that it would produce responsive documents. The phrase "press release" does not appear anywhere in COB000001-COB000898, and neither does the title of the release. Please produce it, together with its drafts and approvals, or state on the record that the City cannot locate its own press release.

## IX. RFP 7 and 8 – the drafting record for Ordinance 1-3A.

These requests asked for the drafts, redlines, comments, and version histories that culminated in Ordinance 1-3A, and for all documents and communications concerning its drafting, expressly including communications with advocacy organizations, religious organizations, nonprofits, consultants, lobbyists, and members of the public. The only ordinance document in the production is the final enacted text at COB000221-COB000222. Not one draft or redlined version, and not one external communication was produced. An ordinance offered by ten councilors does not materialize without a drafting record. Please produce the drafting file for Docket #0961, the version history, and all internal and external correspondence concerning the ordinance.

## X. RFP 10 through 15 – archived webpages.

These requests asked for archived versions of the City's "How to hold an event near City Hall" webpage as it appeared on six specific dates: October 18, 19,

and 20, 2021, and May 1, 2, and 3, 2022. The City objected that the requests are not relevant and not proportional. They are plainly both. A capture of that page was taken on February 12, 2025 which carries the notice: "Please note: Effective October 19, 2021, the City of Boston is no longer accepting flag-raising applications." Whether and, if so, when the City stopped accepting flag-raising applications, and what it told the public about it, is central to this case – and the requested dates bracket both that cutoff and the *Shurtleff* decision along with TST's contemporaneous application.

No capture, screenshot, or archive of any kind was produced, and the page's address does not appear anywhere in the production. Please produce the six captures or state that the City retained none.

## XI. RFP 16 – the event-application database export.

This request asked for an electronic export of the City's event-application database records from July 16, 2018 forward, with eighteen enumerated fields. The City identified no corresponding Bates range. The materials that appear responsive – COB000286, COB000287-COB000898 – supply six of the eighteen fields. Nothing produced supplies contact information, approval date, event category, whether the event included a flag raising, notes or internal tracking fields, the identity of the City personnel who created or decided each record, or creation and modification timestamps. The Knack export at COB000286 carries six columns and begins on July 5, 2022, leaving four years of the requested window with no records at all; its unique identifiers run from 47 to 6455, but only 2,726 records were exported, so 3,683 identifiers within that range are simply absent. The detail pages at COB000592-COB000898 are the only source containing a description, an applicant name, or event times, and they stop in June 2018 – immediately before the requested window opens. Please produce a native export containing all eighteen fields for the full period, and explain the 3,683 missing identifiers.

The production's treatment of TST's own applications requires particular attention. COB000288 records four applications submitted in the days immediately after *Shurtleff* was decided: #35321, "The Satanic Temple's Fight Against Government Corruption;" #35320, "Satanic Appreciation Week," both submitted May 3, 2022; and #35327, "Blasphemy Day," submitted May 5, 2022.

COB000376 records three more from November 2016. No detail page was produced for any of these seven records, no denial record appears anywhere in the production, and the Knack export contains no record of TST at all. The "Grant?" field reads "Yes" for both #35321 and #35320 – a field the production nowhere defines, and one that is difficult to reconcile with the denial at issue in this case. Please produce the complete record for each of these seven applications, including every status change and the identity of each person who touched them, and define the "Grant?" and "Form Status" fields.

## XII. RFP 17 – reports generated from that database.

This request asked for reports, exports, queries, dashboards, and compilations generated from that database. The City again identified no Bates range, so I am left to guess which of the four compilations it considers responsive. The events calendar at COB000488-COB000591 cannot serve the purpose: every entry across all 104 pages is truncated mid-text, so that "11:30am - Black,Red," and "12pm - Possible" at COB000488 are the whole of what the City produced for those events, and no applicant, identifier, status, or disposition appears on any page. Please identify by Bates what the City offers in response to this request and produce the underlying data untruncated.

I am available to confer at the times listed above in paragraph two. If the City needs additional time as to any particular category, please give me a date certain on which the supplementation will be made.

Sincerely,

Matt Kezhaya

CC:

Counsel of record, by email