UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **THE SATANIC TEMPLE, INC.**<br>*Plaintiff,*<br>*vs.*<br>**CITY OF BOSTON,**<br>*Defendant.* | Case no:<br>1:25-CV-11024-AK<br><br>**MOTION FOR LEAVE TO REPLY ON MOTION TO COMPEL DISCOVERY AND FOR ATTORNEY'S FEES** |

**COMES NOW** Plaintiff The Satanic Temple, Inc. ("TST"), by and through counsel of record, with a motion for leave to file a reply on its motion to compel discovery and for attorney's fees (ECF No. 32).

1. On July 2, 2026, TST issued discovery requests. (ECF No. 32-1).

2. On August 17, 2026, Boston issued discovery responses and objections, and some document productions. (ECF No. 32-2). Boston provided supplemental document productions on August 31, 2026; September 30, 2026; and October 23, 2026.

3. On September 30, 2026, TST issued deficiency correspondence. (ECF No. 32-3).

4. From September 30, 2026 through October 19, 2026, TST repeatedly attempted to arrange a productive teleconference to discuss the

deficiencies, and to secure a specific date Boston will correct them. (ECF 32-4). Boston repeatedly refused to provide a specific date when it will correct the deficiencies, never formally responded to the deficiency letter (despite promising one by October 16, then sometime during the week of October 19), and never arranged a teleconference to discuss the deficiencies (despite promising a call during the week of October 19).

5. On October 28, 2026, TST filed its motion to compel which raised with particularity the outstanding deficiencies and proof that additional responsive documents must exist.

6. On November 12, 2026, Boston responded to the motion. It argued that an order to compel is not warranted, despite also admitting that Boston's production is incomplete and despite not offering any concrete assurances for when full responses to these initial requests will be fulfilled. The response does not resolve the specific deficiencies identified in the motion, including a statement whether the specifically identified missing documents and information do not exist. Nor does Boston dispute that it failed to timely provide the substantive response requested through TST's efforts to meet and confer. See LR 37.1(a).

7. The Court should grant leave to issue a brief reply. A reply is warranted to address Boston's new factual representations and admissions, note the unrebutted points of the motion, and clarify what issues remain notwithstanding Boston's post-motion productions. See Fed. R. Civ. P. 37(a)(5)(A) (generally directing fees-shifting where the "requested discovery is provided after the motion was filed.")

**WHEREFORE** the Court should grant leave to file a five-page reply, to be filed by November 19, 2026.

Respectfully submitted on November 13, 2026,

By: */s/ Matt Kezhaya*
Matt Kezhaya (# 0402193) (*phv*)
KEZHAYA LAW PLC
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402
phone: (612) 276-2216
email: matt@kezhaya.law

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served upon all counsel of record on November 13, 2026 via the Court's CM/ECF system. *s/Matt Kezhaya*