**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **THE SATANIC TEMPLE, INC.**<br>*Plaintiff,*<br>*vs.*<br>**CITY OF BOSTON,**<br>*Defendant.* | Case no:<br>1:25-CV-11024-AK<br><br>**REPLY ON MOTION TO COMPEL DISCOVERY AND FOR ATTORNEY'S FEES**<br><br>**LEAVE GRANTED ON NOV. 16, 2026 (ECF NO. 36)** |

**COMES NOW** Plaintiff The Satanic Temple, Inc. ("TST") by and through counsel of record with a reply on its motion to compel discovery and for attorney's fees (ECF No. 32).

# INTRODUCTION

Boston's response is unavailing. It contends that production is "ongoing," and relies upon a "right" to supplement. Rule 26(e) imposes a *duty* to supplement, not a right to provide discovery at the convenience of the responding party. *See also Resol. Tr. Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994). To the contrary, absent a stipulation or order to the contrary, fulsome responses are due within 30 days of the requests. Fed. R. Civ. P. 33(b)(4); *34 Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Epis-copal Puertorriquena*, Inc., 318 F.R.D. 224, 229 (D.P.R. 2016); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991). The stipulated extension was for two weeks, *i.e.*, August 17, 2026. See **EXHIBIT 1**. It is now three months later, yet Boston has still never committed to a date certain when it will provide full responses to Plaintiff's First Discovery Requests.

Parties cannot slow-roll discovery. Because Boston acknowledges its responses are deficient but refuses to commit to a date in which it will provide fulsome responses, the Court should order Boston to produce fulsome responses by a date certain. Because Boston does not justify its boilerplate objections, the Court should find that Boston waived them. Because Boston's belated privilege log dated October 16, 2026 (two months after the agreed extension) only supports a few documents, the Court should find that it waived all claim to privilege on any other documents. Because Boston failed to confer in good faith within seven days of the original request, and produced partial responsive discovery only after TST filed its motion to compel, the Court should order fees-shifting.

# Argument

## I: Conveyance documents

Part I took issue with the responses to RFPs 1-2, which respectively sought conveyance documents (required by the Flag Ordinance) and related documents. Boston provided no documents responsive to RFP 2 and provided two invoices in response to RFP 1. Part I noted ten flags which were flown that could not have been acquired by either invoice.

Boston responds that its counsel "will look into" those flags. Response, at 6. The time to agreeably "look into" these deficiencies expired two weeks after TST's letter dated September 29, 2026. See ECF No. 32-3; LR 37.1(b). Boston never responded to the letter and disregarded TST's efforts to confer. See ECF No. 32-4. Boston also complains that TST never raised the ten instances at the conference. Response, at 6 n. 2. TST raised the ten instances, with particularity, in writing. ECF No. 32-3, at 3-4. Boston also defends that these ten instances

are a "very small portion" of the overall flag raisings. Response, at 6 n. 2. There may well be more. The event applications records supplied do not have a field for "Flag Raising," so TST is operating solely off of event names. Regardless, we are not litigating the merits of this dispute. TST is entitled to all evidence that Boston did or did not follow its own policy. At no point did Boston's response meaningfully address RFP 2. As indicated in the deficiency letter, we believe there are further purchase orders, approval and requisition records, donation records, and invoices. See ECF No. 32-3, at 4. If the documents don't exist, Boston needs to unequivocally say so. Part I remains outstanding.

## II: Council Resolutions and Mayoral Proclamations

Part II took issue with responses to RFPs 4-5, which sought Council Resolutions and Mayoral Proclamations (either of which are supposedly required by the Flag Ordinance). Part II noted seven instances of Knack records showing "Applicant notified approval" for which no resolution or proclamation has been produced. There may well be more. The Knack records supplied does not have a field for "Flag Raising," so TST is operating solely off of event names. Boston responds that its counsel will "look into" these specific deficiencies. Response, at 6. Again, the Rules contemplate two weeks to agreeably look into deficiencies. LR 37.1(b). Part II remains outstanding.

## III: The drafting record behind the Flag Ordinance.

Part III took issue with responses to RFPs 7-8, which respectively sought all drafts of the Flag Ordinance and related records. Boston supplemented on November 12 a document that

“appears” to be a draft. Response, at 6 n. 1. TST is entitled to fees-shifting because Boston provided supplemental discovery after the motion. FRCP 37(a)(5).

We know that Councilors Louijeune and Flynn reviewed some kind of draft. See https://boston.granicus.com/player/clip/113 (1:18:28-1:18:38). We are entitled to the drafts they reviewed and all notes, discussions, and other related documents surrounding the drafts and analysis. Boston defends that former Councilor Bok, who wrote the draft, is no longer in Boston’s employ. Response, at 6. There is no indication that Boston even asked Bok whether she has any responsive materials. *See Servicios Funerarios GG, S.A. de C.V. v. Advent Int'l Corp.*, No. CV 23-10684-IT, 2024 WL 2979393, at *1 (D. Mass. June 13, 2024). Part III remains substantially outstanding.

## IV: Flag Applications and Metadata (2018 – present)

Part IV takes issue with responses to RFP 16, which sought flag applications and related metadata from 2018 onwards. Boston responds that “applications” are a “false construct,” and “There are no applications.” Response, at 5, 7. This semantics game is tiresome and cannot be squared with the text of Boston’s own records. **EXHIBIT 2** (“the *applicant* must fill out a Public Event Permit *Application*” and “Event *Application* ADMIN page … [for] Raising (and later lowering) of the flag … [at] City Hall Flag Poles” and “view the complete *application* at [URL omitted]”) (emphasis added). Those documents were also supplied only after the motion to compel. See FRCP 37(a)(5). There are many more flag applications which are responsive to this request. See ECF No. 32, at 7-8, 12-14 (compiling 21 flag applications based on event names, alone). We believe we can find even more if Boston provides the demanded

electronically stored information from the legacy system and the Knack system. Boston does not otherwise respond to this issue. It contends that *Shurtleff*-era facts are irrelevant. Response, at 6-7. But the claim is that Boston did not meaningfully change its practices by the time of TST's "Event *Application* # 35320," submitted on May 3, 2022. Exhibit 2, at 2-3. That requires a comparison of the facts as they stand post-*Shurtleff* to the facts as they stood pre-*Shurtleff*. Other than TST's Event Application # 35320, Part IV remains outstanding.

## V: and VI: Emails responsive to miscellaneous search terms

Part V took issue with responses to RFP 3, which sought emails responsive to search terms. Part VI took issue with responses to RFP 18-20, which sought records and communications related to Boston's alleged flag-raising suspension in October 2019.

Boston responds that there are approximately 93,957 emails responsive to the request; and produced about 3,600 pages of emails on November 12, 2026 (3,248 of which are one form email, with different signatories). Response, at 8; see also FRCP 37(a)(5). The earliest emails are from May 2022, there is nothing to substantiate the supposed suspension in October 2019.

Some of the produced emails are redacted, again without a privilege log to substantiate any claim of privilege. See FRCP 26(b)(5). Boston does not respond to the point that items not included on its belated privilege log waived any claim of privilege. *Bryan Corp. v. Chemwerth, Inc.*, 296 F.R.D. 31, 41 (D. Mass. 2013). It promises to "in short order" provide a supplement. The time to agreeably provide a privilege log passed one month ago. ECF No. 32-4, at 3.

89,500 pages of emails responsive to Part V remains outstanding. Part VI is outstanding.

**WHEREFORE** the Court should overrule Boston's sundry boilerplate objections, find any claims of privilege are waived except as logged on the October 16, 2026 privilege log (ECF No. 32-5), order fulsome responses to Requests for Production Nos. 1-5, 7, 8, 16, and 18-20 by a date-certain, and order Boston compensate TST's attorney's fees for having to bring this motion.

Respectfully submitted on November 18, 2026,

By: */s/ Matt Kezhaya*
Matt Kezhaya (# 0402193) (*phv*)
KEZHAYA LAW PLC
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402
phone: (612) 276-2216
email: matt@kezhaya.law

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served upon all counsel of record on November 18, 2026 via the Court's CM/ECF system. *s/Matt Kezhaya*

**EXHIBIT LIST**

1. Emails re: the original two-week extension for responses to TST's First Disc. Reqs.
2. Acknowledgment of TST's Flag Application, TST's Flag Application, email re: same