Outlook

## Re: TST v. COB (1:25-CV-11024-AK) -- TST's first discovery requests

**From** Edward Whitesell <edward.whitesell@boston.gov>
**Date** Mon 8/3/2026 11:16 AM
**To** Matt Kezhaya <matt@kezhaya.law>
**Cc** Nina Aubuchon-Jones <katherine.jones@boston.gov>; Nicholas Shapiro <nshapiro@phillips-angley.com>; Kaitlyn Coombs <kaitlyn.coombs@boston.gov>; Emily Summersby <emily.summersby@boston.gov>

Matt,

My trial in July was supposed to start four days after you served the discovery requests (with the first three days being the July 4th holiday) and then postponed until July 20th, when it was postponed again. Regardless, I was simply suggesting that you could have served the discovery in April or May if you were concerned about having sufficient time to do supplemental discovery. This not being your first lawsuit against the City, I am sure you are well aware of how long it can take for us to get documents and answers from the relevant City employees.

I am also aware of the City's obligations, which is why I asked for the extension. It's not generally my practice to withhold documents for anything other than privilege or work product, objections notwithstanding, so I usually don't litigate anticipating motion practice and extensive supplemental discovery. I'm also happy to produce supplemental discovery after the deadline or request any extension you need if things get pushed back due to the City's production.

In any event, I appreciate the courtesy of a two-week extension. We will get you answers to interrogatories and responses/objections to the document requests by then. We will also produce whatever documents we have reviewed by that time, although I anticipate full production will require until the end of the month.

Thanks,
Ted

**Edward F. Whitesell, Jr.**
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4045
edward.whitesell@boston.gov

The information contained in this electronic transmission ("e-mail"), including any attachment (the "Information"), may be confidential or otherwise exempt from disclosure. It is for the addressee only. ***This information may be privileged and confidential attorney work-product or a privileged and confidential attorney-client communication.*** The Information may also be deliberative and pre-decisional in nature. As such, it is for internal use only. The Information may not be disclosed without the prior written consent of the Corporation Counsel of the City of Boston. If you have received this e-mail by mistake, please notify the sender and delete it from your system. Please do not copy or forward it. Thank you for your cooperation.

On Mon, Aug 3, 2026 at 11:54 AM Matt Kezhaya <matt@kezhaya.law> wrote:

> Ted,
>
> I disagree that the timing of TST's discovery requests caused any meaningful delay. In fact, I waited to serve them until after your anticipated July trial date as a professional courtesy.

While I appreciate that you have had scheduling conflicts, the City's discovery obligations are not dependent on the availability of a single attorney.

That said, I understand that scheduling issues arise. My concern remains that I need sufficient time to evaluate any objections, meet and confer if necessary, and serve supplemental discovery before the October deadline.

In light of those competing concerns, I am willing to agree to a two-week extension of the City's deadline to respond. Please let me know if that works for you.

Matt Kezhaya
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402
(612) 276-2216
matt@kezhaya.law

---

**From:** Edward Whitesell <edward.whitesell@boston.gov>
**Sent:** Monday, 03 August 2026 10:28:40
**To:** Matt Kezhaya <matt@kezhaya.law>
**Cc:** Nina Aubuchon-Jones <katherine.jones@boston.gov>; Nicholas Shapiro <nshapiro@phillips-angley.com>; Kaitlyn Coombs <kaitlyn.coombs@boston.gov>
**Subject:** Re: TST v. COB (1:25-CV-11024-AK) -- TST's first discovery requests

I have been on vacation for the past week and just got into the office. I don't have a good idea as to what objections there might be beyond privilege. You can assume there will be objections to privilege and work product but at this stage I do not know which interrogatories or document requests to which they would apply. I am not sure how blanket objections with no documents or answers to which to tie them is going to assist us in holding a meet and confer, assuming one is even necessary.

I don't think that this simple request for a courtesy (given that I was supposed to be on trial twice, and was on vacation for a week during the 30 days provided under the rules) is going to have an impact on the October deadline. You also could have served the requests earlier if you were worried about serving supplemental requests - our initial disclosures were served on March 31, 2026 and the discovery wasn't served until July 2. We could have been working on getting you responses in those three months. I am not the only employee of the City that takes vacation in the summertime.

Please let me know if I need to file a motion today.

Thanks,
Ted

**Edward F. Whitesell, Jr.**
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4045
edward.whitesell@boston.gov

The information contained in this electronic transmission (“e-mail”), including any attachment (the “Information”), may be confidential or otherwise exempt from disclosure. It is for the addressee only. ***This information may be privileged and confidential attorney work-product or a privileged and confidential attorney-***

***client communication.*** The Information may also be deliberative and pre-decisional in nature. As such, it is for internal use only. The Information may not be disclosed without the prior written consent of the Corporation Counsel of the City of Boston. If you have received this e-mail by mistake, please notify the sender and delete it from your system. Please do not copy or forward it. Thank you for your cooperation.

On Mon, Aug 3, 2026, 11:06 AM Matt Kezhaya <matt@kezhaya.law> wrote:

> Ted,
>
> My concern is that we need to start conferring on any objections so I can issue any supplemental requests by the October deadline. Is it possible for you to get out objections today and issue responses and productions in a month?
>
> Matt Kezhaya
> 150 S. Fifth St., Suite 1850
> Minneapolis, MN 55402
> (612) 276-2216
> matt@kezhaya.law
>
> ---
>
> **From:** Edward Whitesell <edward.whitesell@boston.gov>
> **Sent:** Friday, 31 July 2026 08:43:29
> **To:** Matt Kezhaya <matt@kezhaya.law>
> **Cc:** Nina Aubuchon-Jones <katherine.jones@boston.gov>; Nicholas Shapiro <nshapiro@phillips-angley.com>; Kaitlyn Coombs <kaitlyn.coombs@boston.gov>
> **Subject:** Re: TST v. COB (1:25-CV-11024-AK) -- TST's first discovery requests
>
> Matt, we are working on getting you responses to your written discovery requests. I am on vacation this week and was supposed to have trial in July that was postponed twice at the last minute, so we are a little behind. Would you be willing to grant a 30 day extension for the City's responses so we can get all of this information pulled together and over to you?
>
> Thanks,
> Ted
>
> **Edward F. Whitesell, Jr.**
> Senior Assistant Corporation Counsel
> City of Boston Law Department
> City Hall, Room 615
> Boston, MA 02201
> (617) 635-4045
> edward.whitesell@boston.gov
>
> The information contained in this electronic transmission ("e-mail"), including any attachment (the "Information"), may be confidential or otherwise exempt from disclosure. It is for the addressee only. ***This information may be privileged and confidential attorney work-product or a privileged and confidential attorney-client communication.*** The Information may also be deliberative and pre-decisional in nature. As such, it is for internal use only. The Information may not be disclosed without the prior written consent of the Corporation Counsel of the City of Boston. If you have received this e-mail by mistake, please notify the sender and delete it from your system. Please do not copy or forward it. Thank you for your cooperation.
>
> On Thu, Jul 2, 2026, 5:59 PM Matt Kezhaya <matt@kezhaya.law> wrote:
>
>> Please see attached for TST's first discovery requests.
>>
>> Matt Kezhaya
>> 150 S. Fifth St., Suite 1850

Minneapolis, MN 55402
(612) 276-2216
matt@kezhaya.law